UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL HORACEK,

              Plaintiff,                                CIVIL ACTION NO. 05-CV-40302-DT

v.                                                      DISTRICT JUDGE PAUL V. GADOLA

DERRICK LNU, and                                        MAGISTRATE JUDGE DONALD A. SCHEER
PEGGY LNU,

              Defendants.

_____/


REPORT AND RECOMMENDATION
CONCERNING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER


        This case comes before the Court on Plaintiff's Motion for Temporary Restraining
Order.  For the reasons stated below, I recommend that the motion be denied.

        Plaintiff is a convicted criminal, temporarily incarcerated at the Oakland County Jail
awaiting trial on pending parole violation charges. Defendant Derrick LNU is the food
service director at the jail and Defendant Peggy LNU is the jail chaplain. In a Complaint
filed on September 29, 2005, Plaintiff accuses defendants of violating his constitutional
rights by denying him Kosher meals and certain Jewish religious services. He now brings
this motion seeking a temporary restraining order claiming that  Oakland County Jail
officials have retaliated against him for exercising his right to file lawsuits and grievances
against prison guards.  Retaliation allegedly took the form of restricting his use of the
prison's law library and photocopying services.  Plaintiff seeks an immediate
ex parte restraining order preventing jail officials from further retaliatory actions.

        Federal Rule of Civil Procedure 65(b) provides guidelines for issuance of temporary
restraining orders (TRO):

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff has failed to satisfy either of these requirements.

In order to state a viable claim for interference with access to the courts, the Supreme Court has held that a prisoner must show that he has suffered an actual injury in a specific case. Lewis v. Casey, 518 U.S. 343, 351 (1996). The actual injury requirement is not satisfied by just any type of frustrated legal claim, but must be connected to pursuit of a non-frivolous direct appeal from a criminal conviction, a habeas corpus petition or a civil rights action under § 1983 to vindicate basic constitutional rights. Id. at 352-353.

Plaintiff has failed to show by affidavit that he has suffered any actionable injury or harm in a specific case as a result of jail officials' allegedly retaliatory actions. For example, Plaintiff has failed to indicate what actual harm was caused by his inability to have more frequent access to a law library. Moreover, he has made no showing that he was unable to meet a court deadline, or that he has otherwise been prejudiced in a pending case as a result of not being allowed to visit a law library as often as he would have liked. His allegations do not demonstrate that he is in danger of "immediate and irreparable injury." Finally, he fails to explain why notice should not be required.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

Dated: December 16, 2005

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 16, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 16, 2005.  **Daniel Horacek.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217