UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

       Plaintiff,                  CIVIL ACTION NO. 05-CV-40302

v.                                     DISTRICT JUDGE PAUL V. GADOLA

DERRICK LNU, and             MAGISTRATE JUDGE DONALD A. SCHEER
PEGGY DEVANEY,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*    \*    \*

Plaintiff is a convicted criminal, temporarily incarcerated at the Oakland County Jail awaiting trial on pending parole violation charges. Defendant Derrick LNU is the food service director at the jail and Defendant Peggy Devaney is one of three jail chaplains. In a Complaint filed on September 29, 2005, Plaintiff accuses defendants of violating his constitutional rights by denying him Kosher meals and certain Jewish religious services. Claiming violations of his First Amendment rights to freedom of religion, Plaintiff sought injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

<u>EXHAUSTION OF REMEDIES</u>

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute

provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust his claim as to each defendant associated with the claim. Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003). In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit has ruled that total


exhaustion of all claims is required under the PLRA. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff acknowledged in his Complaint that he did not did not exhaust his administrative remedies. He claimed that the Oakland County Jail did not have a formal grievance process. Plaintiff stated that he alternatively filed an informal grievance on August 7, 2005, but that he had never received a written response to the grievance from jail officials. Contrary to Plaintiff's assertion, the Oakland County Sheriff Department has a formal inmate grievance procedure (See Inmate Grievance Procedure attached as Exhibit 1 of Defendant's Delaney's Motion to Dismiss). Moreover, all Oakland County Jail inmates are given written notice of the inmate grievance procedure. The grievance procedure is specifically referenced and explained in Section IIC of the Oakland County Sheriff's Department Corrective Services Inmate Guide that is provided to all inmates upon their arrival at the jail (attached as Exhibit 2 of Defendant's Delaney's Motion to Dismiss).

Oakland County Jail officials did find an unexhausted grievance signed by Plaintiff, dated July 6, 2005, complaining that he had been served "cooked" food, which allegedly made the food non-kosher (See Exhibit 3). Significantly, this grievance does not specifically name either of the Defendants in the instant lawsuit, and addressed only one of three claims raised by Plaintiff in the instant lawsuit[1]. Even if Plaintiff's grievance had been properly filed and processed, he still failed to exhaust his administrative remedies as required by § 1997e(a). The PLRA clearly makes exhaustion as to each defendant and

---

[1] Plaintiff alleged in his Complaint that Defendant Devaney violated his rights by denying his requests for (1) various Jewish religious items, (2) to participate in weekly Jewish Sabbath services, and (3) meals served on the Jewish Sabbath that have not been cooked, which makes them "non-kosher". In the unexhausted grievance filed in July 2005, Plaintiff only complained about the cooked meals.

**3**

claim a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997). The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

                                s/Donald A. Scheer  
                                DONALD A. SCHEER  
                                UNITED STATES MAGISTRATE JUDGE

DATED: February 23, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 23, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 23, 2006. **Daniel Horacek.**

                                s/Michael E. Lang  
                                Deputy Clerk to  
                                Magistrate Judge Donald A. Scheer  
                                (313) 234-5217